## Joseph J. Pettinger v. The People.

*Highways: Penalty for obstructing: How enforced.* The penalty for obstructing a highway cannot be enforced by indictment or information.

*Heard and decided May 7.*

PETTINGER *v.* THE PEOPLE.

Error to Oakland Circuit.

Joseph J. Pettinger was convicted in the Circuit Court for the County of Oakland, upon the information of the Prosecuting Attorney of that county, charging him with the obstruction of a highway.

The record is brought into this Court by writ of error.

*W. B. Jackson*, for plaintiff in error.

*Crofoot & Brewer*, for defendants in error.

PER CURIAM.

The statute of 1861 provides that the penalty for obstructing a highway shall be a sum not exceeding $25, to be recovered in an action of trespass, *"or the collection of such penalty may be made in accordance with any other law for that purpose,"* &c.  L. 1861, p. 153.  The effect of such a provision must be to supersede any greater penalty, while it would permit the collection to be made in any way consistent with law.  But we think it cannot be done by indictment or information.  It does not come within the general clause of the statute relating to undefined misdemeanors, for that only reaches offenses where no penalty has been fixed by statute.  C. L. § 5846.  The statute declaring how penalties shall be enforced, covers the entire ground, and leaves nothing to be supplied by the common law; and it is only when the penalty or forfeiture amounts to one hundred dollars or more, that an indictment lies.  C. L. § 5120.  There are civil remedies adequate to abate such nuisances without indictment.

In *People v. Carpenter, 1 Mich. R., 273,* no question was made upon the indictment, and the attention of the Court was not called to this point.

The judgment should be arrested and the information quashed.